FILED
2006 Dec-18 PM 04:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RHONDA A. SCHRIMSHER, Administratrix of the Estate of RAYFORD L. SCHRIMSHER, deceased, <br>     Plaintiff, <br><br> v. <br><br> CHARTER COMMUNICATIONS, LLC a corporation, CHARTER COMMUNICATIONS, INC., a corporation, CHARTER COMMUNICATIONS HOLDING COMPANY, LLC, a corporation, and CHARTER CABLE OPERATING COMPANY, LLC, a corporation. <br><br>     Defendants. | CIVIL ACTION NO.:_____ |

## COMPLAINT

COMES NOW Rhonda A. Schrimsher, in her capacity as Administratrix of the Estate of Rayford L. Schrimsher, deceased, Plaintiff in the above-captioned matter, and files her Complaint against Charter Communications, LLC, a corporation, Charter Communications, Inc., a corporation, Charter Communications Holding Company, LLC, a corporation, and Charter Cable Operating Company, LLC, a corporation, as follows:

### I. PARTIES, JURISDICTION, AND VENUE

1.      Rhonda A. Schrimsher is the duly qualified and acting Administratrix of the Estate of Rayford L. Schrimsher, deceased. Rhonda A. Schrimsher is an adult resident citizen of Marshall County, Alabama.

2.Decedent Rayford L. Schrimsher was a resident of Marshall County, Alabama at the time of the collision at issue in this case, and the Estate of Rayford L. Schrimsher is being probated in the Probate Court of Marshall County, Alabama.

3.Defendant Charter Communications, LLC (hereinafter "Charter Communications") is an Delaware corporation with a business address of 12444 Powerscourt Drive, Suite 100, St. Louis, Missouri 63131.

4.Defendant Charter Communications, Inc. (hereinafter "Charter Communications") is a Delaware corporations with the business address of 12405 Powerscourt Drive, Suite 100, St. Louis, Missouri 63131.

5.Defendant Charter Communications Holding Company, LLC (hereinafter "Charter Communications") is a Delaware corporations with the business address of 12405 Powerscourt Drive, Suite 100, St. Louis, Missouri 63131.

6.Defendant Charter Cable Operating Company, LLC (hereinafter "Charter Communications") is an Delaware corporation with a business address of 12444 Powerscourt Drive, Suite 100, St. Louis, Missouri 63131.

7.Defendant Charter Communications was transacting business within the State of Alabama and within the Northern District of Alabama at the time of the motor vehicle collision at issue in this lawsuit. Charter Communications is subject to the jurisdiction of this Court as it caused a tortious act to be committed in the State of Alabama that resulted in the death of decedent Rayford L. Schrimsher. Charter Communications is further subject to the jurisdiction of this Court as it routinely operates as a business within the geographical territory of the Northern District of the State of Alabama and avails itself on regular occasions of Alabama's roadways.

8. All four Charter Communications defendants may be served with process at the office of their registered agent, c/o CSC Lawyers Incorporating Service, Inc., 150 South Perry Street, Montgomery, Alabama 36104. Upon proper service of the Summons and Complaint, this Court has jurisdiction over Charter Communications.

9. This Court has subject matter jurisdiction over the dispute at issue in this lawsuit as there is complete diversity among the parties and the amount in controversy exceeds $75,000.00.

10. The automobile collision at issue in this lawsuit occurred in the Northern District of Alabama, Southern Division. Venue is therefore proper in this division of this Court.

## II. FACTUAL ALLEGATIONS

11. On or about August 19, 2006, Decedent Rayford L. Schrimsher was traveling on County Road 77 in Jackson County, Alabama.

12. Decedent Rayford L. Schrimsher was driving his motorcycle in a safe and reasonable manner.

13. At or about the same time, Matthew Blake Burdett (hereinafter "Burdett") was traveling County Road 397 which intersects County Road 77 in Jackson County, Alabama.

14. At all times relevant hereto, Burdett was operating a 2001 Ford F150. At all times relevant hereto, Burdett was operating this motor vehicle for and/or on behalf of Defendant Charter Communications and was acting within the line and scope of his employment and/or agency with Defendant Charter Communications.

15. There were no obstructions to Burdett's vision and no impediments that prevented Burdett from realizing that decedent Rayford L. Schrimsher was traveling on County Road 77 toward the intersection with County Road 397.

16. Burdett negligently and/or wantonly failed to monitor the roadway, failed to operate the motor vehicle he was driving in a safe and reasonable manner, failed to keep a proper lookout, and ultimately collided with the motorcycle being driven by decedent Rayford L. Schrimsher.

17. At all times relevant to this action, decedent Rayford L. Schrimsher was operating his motorcycle in a safe and reasonable manner and was complying with all applicable rules of the road.

18. As a direct and proximate result of the collision caused by Defendant Charter Communications' employee and/or agent Burdett, decedent Rayford L. Schrimsher suffered blunt force trauma to his neck and chest and died.

19. Pursuant to the doctrine of *respondeat superior*, Defendant Charter Communications is liable for the actions of Burdett as set forth herein.

### III.   CAUSES OF ACTION

#### COUNT 1
#### Negligence/Wantonness

20. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

21. Burdett negligently and/or wantonly failed to exercise reasonable care in the operation of the motor vehicle he was driving at the time of the collision at issue in this case, thereby causing the collision at issue in this case.

22. Upon information and belief, Burdett knowingly and/or recklessly failed to operate his motor vehicle with reasonable care and further committed those actions and inactions set forth elsewhere herein, which constitutes wantonness under Alabama law.

23. Defendant Charter Communications is liable for the actions of Burdett pursuant to the doctrine of *respondeat superior*.

24. As a direct and proximate result of the actions of Defendant Charter Communications, decedent Rayford L. Schrimsher died.

## COUNT 2
### Negligence and Wantonness *per se*

25. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

26. Burdett negligently and/or wantonly violated Alabama's Rules of the Road during his operation of a motor vehicle, thereby causing the collision at issue in this case. Said violations include, but are not necessarily limited to, the following:

   a. Passing through an intersection and colliding into the decedent's motorcycle in violation of Ala. Code §32-5A-61;

   b. Failing to yield the right of way to the decedent in violation of Ala. Code § 32-5A-110;

   c. Failing to drive in a reasonable and prudent manner when crossing an intersection in violation of Ala. Code §32-5A-170; and

   d. Driving a motor vehicle carelessly and heedlessly in willful or wanton disregard for the rights or safety of others on the roadway and/or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger other persons, in violation of Ala. Code § 32-5A-190.

5

27. Defendant Charter Communications is liable for the actions and inactions of Burdett in accordance with the doctrine of *respondeat superior*.

28. As a direct and proximate result of the actions and inactions of Defendant Charter Communications, decedent Rayford L. Schrimsher died.

## COUNT 3
## Wrongful Death

29. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

30. Burdett operated a motor vehicle negligently and/or wantonly in the manner set forth elsewhere herein.

31. Defendant Charter Communications is liable for the actions and inactions of Burdett pursuant to the doctrine of *respondeat superior*.

32. As a direct and proximate result of the actions and inactions of Defendant Charter Communications, decedent Rayford L. Schrimsher died.

33. Plaintiff Rhonda A. Schrimsher brings an action for wrongful death against Defendant Charter Communications, pursuant to the Alabama Homicide Act and in her capacity as the duly appointed and acting Administratrix of the Estate of Rayford L. Schrimsher.

## COUNT 4
## Negligent/Wanton Hiring, Training, Retention, and Supervision

34. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

35. Upon information and belief, Burdett was acting as an employee and/or agent of Defendant Charter Communications at all times relevant to this case.

36. Defendant Charter Communications hired or otherwise engaged Burdett with knowledge that Burdett would be responsible for operating a motor vehicle on Alabama's roadways during the normal course of his employment.

37. Upon information and belief, Defendant Charter Communications negligently and/or wantonly hired, trained, retained, and/or supervised Burdett.

38. As a direct and proximate result of Defendant Charter Communications' negligence and/or wantonness, decedent Rayford L. Schrimsher died.

## COUNT 5
### Negligent/Wanton Entrustment

39. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

40. Upon information and belief, Defendant Charter Communications negligently and/or wantonly entrusted the motor vehicle to Burdett with actual or constructive knowledge that Burdett would be responsible for operating the motor vehicle on Alabama's roadways during the normal course of his employment.

41. Upon information and belief, Burdett was not qualified to operate the motor vehicle and/or had displayed a pattern of negligent and/or wanton operation of motor vehicles in the past. Defendant Charter Communications had actual and/or constructive knowledge of these facts at the time it entrusted a motor vehicle to Burdett.

42. As a direct and proximate result of Defendant Charter Communications' negligent and/or wanton entrustment of a motor vehicle to Burdett, decedent Rayford L. Schrimsher died.

## IV. AD DAMNUM CLAUSE

43. Plaintiff re-alleges and incorporates the allegations in paragraphs 1 through 19 of this Complaint as if fully set forth herein.

44. As a direct and proximate result of the actions and inactions of Defendant Charter Communications, decedent Rayford L. Schrimsher died.

WHEREFORE, Plaintiff respectfully pray as follows:

1. That process issue and that Defendants be served with process in accordance with applicable law;

2. That the Estate of Rayford L. Schrimsher recover punitive damages as the sole and exclusive remedy in a wrongful death case under Alabama law in an amount to be determined by the enlightened conscience of a jury;

3. That the Plaintiff have a trial by jury as to all claims;

4. That the Plaintiff have leave to amend the Complaint in the manner prescribed by the Alabama Rules of Civil Procedure; and

5. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

_____
Robert R. Riley, Jr. (ASB-0909-I68A)

_____
Keith Jackson (ASB-7519-J66B)

*Kallie Lunsford*
Kallie C. Lunsford (ASB-7388-S74K)
Attorneys for Plaintiff

OF COUNSEL:
**RILEY & JACKSON, P.C.**
1744 Oxmoor Road
Birmingham, AL 35209
Tel. (205) 879-5000
Fax. (205) 879-5901

**SERVE DEFENDANTS BY CERTIFIED MAIL:**

Charter Communications, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Charter Communications Holding Company, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Charter Communications, Inc.
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104

Charter Cable Operating Company, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 South Perry Street
Montgomery, Alabama 36104